# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| In re: | )<br>) Case No. 16-03318 |
| VANGUARD OF MEMPHIS, LLC | ) Chapter 11<br>) Judge Mashburn |
| 9020 Overlook Blvd., Suite 202<br>Brentwood, TN 37027 | )<br>) |
| Debtor. | )<br>) |

## PLAN OF LIQUIDATION OF
## VANGUARD OF MEMPHIS, LLC

### ARTICLE I
### SUMMARY

     1.01     This Plan of Liquidation under Chapter 11 of the Bankruptcy Code is being presented by Vanguard of Memphis, LLC, Case No. 16-03318.

     1.02     This Plan provides for five classes of Claims and one class of equity Interests. All Creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their Claim for each Debtor.

     1.03     A Disclosure Statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### ARTICLE II
### DEFINITIONS

     The definitions and rules of construction set forth in §§ 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Code are used in this Plan, and are supplemented by the following definitions:

     2.01     "<u>Administrative Expense</u>" shall mean an expense that is allowed for payment pursuant to § 503 of the Code.

     2.02     "<u>Administrative Expense Bar Date</u>" means the date by which all requests for payment of Administrative Expenses must be filed and served, which date shall be fourteen

(14) days following Confirmation, provided applications for payment of fees and expenses of professionals under § 330 may be filed and served by the Effective Date of the Plan.

2.03     "Allowed Claim" shall mean a Claim payable under the Plan in the amount allowed for payment under the Code.  For the purposes of this Plan, a Claim will be deemed an Allowed Claim as follows: (i) the amount scheduled by the Debtor and not otherwise marked by the Debtor as being contingent, disputed or unliquidated in that Debtor's respective Chapter 11 case, or (ii) the amount evidenced by a proof of claim filed with the Court as of the Claim Bar Date, *provided* any Claim that is the subject to an objection filed by any party in interest as to its amount shall not be an Allowed Claim in any amount for purposes of distribution until the objection has been resolved by agreement or final order.

2.04     "Case" shall mean the Chapter 11 case of Vanguard of Memphis, LLC., Case No. 16-03318.

2.05     "Causes of Action" shall mean all claims that the Debtor had as of the Effective Date of the Plan against any party, including any claims listed on the Debtor's schedule of assets.

2.06     "Chapter 11" shall mean Chapter 11 of the Code.

2.07     "Claim" shall mean a claim against the Debtor as defined in §101(5) of the Code.

2.08     "Claim Bar Date" shall mean September 6, 2016 for non-governmental claimants and November 2, 2015 for government claims (except for claims asserted by the government under the False Claims Act), *provided* (i) the deadline for filing claims against the Debtor arising from the rejection of an executory contract or unexpired lease of the Debtor shall be either September 6, 2016, or thirty (30) days following the rejection of the agreement, whichever is later, and (ii) upon any amendment to the Debtor's schedules regarding any Claim for which no proof of claim has been filed, the affected creditor will have thirty (30) days following the amendment to file a proof of claim.

2.09     "Code" shall mean the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §§101, et seq.

2.10     "Committee" shall mean the Official Committee of Unsecured Creditors appointed by the U.S. Trustee by Notice filed May 24, 2016 (Docket No. 89), and the Court approved counsel for the Committee.

2.11     "Confirmation" or "Confirmation Order" shall mean the entry by the Court of an order confirming the Plan.

2.12     "Confirmation Hearing" shall mean the date that the hearing on the confirmation of the Plan is completed.

2.13     "Court" shall mean the United States Bankruptcy Court for the Middle District of Tennessee and Judge Mashburn assigned to these jointly administered Cases.

2.14      "Creditor" shall have the meaning defined in §101(10) of the Code.

2.15      "Date of Filing" shall mean May 6, 2016 as the date that the Debtor filed its Chapter 11 petition that commenced this Chapter 11 Case.

2.16      "Debt" shall have the meaning defined in § 101(12) of the Code.

2.17      "Debtor" shall mean Vanguard of Memphis, LLC. with the status of and rights conferred to a debtor-in-possession by §1107 of the Code.

2.18      "Distribution" means any distribution provided for in this Plan by the Debtor to holders of Allowed Claims in full or partial satisfaction of such Allowed Claims.

2.19      "Disputed Claim" means a Claim (a) as to which a proof of Claim is filed or is deemed filed as a result of such Claim on the Debtor's schedules; and (b) as to which: (i) an objection or request for estimation (A) has been timely filed, and (B) has not been denied by a final order or withdrawn; or (ii) is a Claim that is listed on the Schedules as disputed, contingent, or unliquidated; or (iii) is disputed in whole or in part under the Plan.

2.20      "Effective Date of the Plan" shall mean the later of (i) the first business day of the second full month following the Confirmation, or (ii) the first business day after an appeal of an order confirming this Plan has become final and unappealable; *provided*, the Debtor may at any time designate an earlier Effective Date of the Plan as it relates to that the Debtor's Case by filing written notice thereof in the Debtor's Case and serving such notice on all affected creditors and parties in interest.

2.21      "Facility" shall mean the patient care facility operated by the Debtor.

2.22      "Interests" shall mean the equity interests in the Debtor.

2.23      "Liquidating Committee" shall have the meaning provided in Article VIII herein.

2.24      "Liquidating Expenses" shall mean the reasonable expenses incurred by the Debtor and the Liquidating Committee after the Effective Date of the Plan, including professional fees in the implementation of the Plan. Any party seeking payment of a Liquidating Expense that is disputed by the Debtor may file a request for payment with the Bankruptcy Court in the same manner as a request for payment of an Administrative Expense.

2.25      "Master Service List" shall mean the U.S. Trustee, the twenty largest creditors in the Memphis Case and the Liquidating Committee after that Committee is appointed, and their counsel.

2.26      "Plan" shall mean this Chapter 11 Plan of Liquidation as the same may be modified from time to time in accordance herewith or pursuant to applicable law.

2.27      "Priority Claim" shall mean a Claim that is entitled to priority under §507.

2.28 "Property" shall mean all assets in which the Debtor has an interest as of the Effective Date of the Plan, plus, unless otherwise stated herein, assets acquired after the Date of Filing.

2.29 "Pro Rata" means the proportion that (a) an Allowed Claim in a particular Class bears to the aggregate amount of all Allowed Claims in that Class, or (b) Allowed Claims in a particular Class bear to the aggregate amount of Allowed Claims in a particular Class and other Classes entitled to share in the same recovery as such Allowed Claim under this Plan.

2.30 "Secured Claim" shall mean a Claim that is a "secured claim" either under the terms of the Plan or pursuant to § 506.

2.31 "Unsecured Claim" shall mean a Claim that is not otherwise a Secured Claim or a Priority Claim.

# ARTICLE III
# CLASSIFICATION OF CLAIMS AND INTERESTS

3.01 The following Classes shall apply:

Class 1. The Allowed Claim of Healthcare Financial Solutions, LLC against this Debtor.

Class 2 The Claims asserted for damages from personal injuries or wrongful death that are covered by the Debtor's insurance policy with BHC-LTC Insurance Ltd.

Class 3 The Claims asserted by the United States on behalf of the Department of Health and Human Services and the State of Tennessee on behalf of TennCare, a Division of Health Care Finance & Administration ("Government Entities").

Class 4 The Unsecured Claims not otherwise in a Class herein.

Class 5. The Interests in the Debtor held by Vanguard Healthcare LLC.

# ARTICLE IV
# TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS
# AND U.S. TRUSTEES FEES

4.01 Administrative Expense Claims. Administrative Expenses are not in a class defined herein. Except as otherwise provided under the Plan, each holder of an Administrative Expense allowed under § 503 of the Code will be paid in full at the later of (i) the time that the expense has been approved by the Court by a final order, (ii) the due date for payment in the ordinary course of business (for Administrative Expenses incurred in the ordinary

course of business by the Debtor), (iii) upon such other terms as may be agreed upon by the holder of the Claim, or (iv) the Effective Date of the Plan.

4.02    Priority Claims.  Priority Claims that are Allowed Claims under §507(a) will be paid in full on the Effective Date of the Plan.

4.03    United States Trustee Fees.  All fees required to be paid by 28 U.S.C. § 1930(a)(6) (U.S. Trustee Fees) by the Debtor will accrue and be timely paid until the Case is closed, dismissed, converted to another chapter of the Code, or until a final decree is entered by the Court.

ARTICLE V
TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

5.01    Claims and Interests in a Class specified in Article III shall be treated as follows:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 Healthcare Financial Services ("HFS") | Impaired | The assets of the Debtor have been sold to MED Healthcare Partners, LLC pursuant to the terms of an Asset Purchase Agreement dated February 10, 2017 (the "APA") for an aggregate purchase price of $9,550,000 (the "Sale").  This sale was approved by Court Order entered February 27, 2017 (Docket No. 1065) (the "Sale Order") and the closing of the Sale occurred as of June 15, 2017 (the "Closing").<br><br>HFS has been paid $7,500,000, which was paid at Closing and all liens of HFS in the assets sold have been released pursuant to the Sale Order  HFS will receive no further Distribution from the Debtor under the Plan.  Nothing in this Plan or in the Confirmation Order affects the claims of HFS against any entities other than the Debtor or the liens, rights, or remedies of HFS with respect to any entities other than the Debtor. |
| Class 2 Personal Injury Claims | Impaired | Class 2 shall consist of all Allowed Claims that are within the policy limits of that certain insurance provided by BHC-LTC Insurance Ltd with the Debtor in existence as of the Date of Filing shall be paid in full by BHC-LTC Insurance Ltd.  To the extent that an Allowed Claim exceeds the policy limits, the amount of the Allowed Claim that exceeds the policy limits will be paid Pro Rata with the Class 3 and Class 4 Allowed Claims from the net proceeds available for Distribution to Classes 3 and 4 following the payment of Administrative Expenses, Liquidating Expenses and Priority Claims further described in Article IV herein.  The Debtor is not aware of any claim that exceeds the policy limits and thus does not |

| Class | Impairment | Treatment |
|---|---|---|
| | | expect to include any such claim in the Distribution to Classes 3 and 4.

No Distributions under this Plan shall be made on account of an Allowed Claim that is payable by BHC-LTC Insurance Ltd until the Holder of such Allowed Claim has exhausted all remedies with respect to such insurance policy. To the extent that a Claim has been paid, the applicable portion of such Claim may be expunged without a Claims objection having to be Filed and without any further notice to or action, order or approval of the Bankruptcy Court. |
| Class 3 Department of Health and Human Services and TennCare | Impaired | The Allowed Claims in Class 3 shall be paid in the amount of $6,500,000 and shall be paid Pro Rata, without interest, from the net proceeds available to Distribution to Classes 2, 3 and 4 following the payment of Administrative Expenses, Liquidating Expenses and Priority Claims further described in Article IV herein.

After (a) the Plan has been fully administered, (b) all Claims that are disputed have been resolved or a sufficient reserve set aside for this Claim, (c) any Causes of Action determined to have any value have been resolved, and (d) all Property of the Debtor has been reduced to cash or abandoned, the Debtor shall effect a final Distribution of all cash remaining (after reserving sufficient cash to pay all unpaid expenses of administration of the Plan, and all expenses reasonably expected to be incurred in connection with the final Distribution) to holders of Allowed Claims in accordance herein. |
| Class 4 Unsecured Claims | Impaired | Class 4 shall consist of all Unsecured Claims that are not otherwise included in another Class herein. Allowed Claims within this Class shall be paid Pro Rata the net proceeds available to Distribution to Classes 2, 3 and 4 following the payment of Administrative Expenses, Liquidating Expenses and Priority Claims further described in Article IV herein.
After (a) the Plan has been fully administered, (b) all Claims that are disputed have been resolved or a sufficient reserve set aside for this Claim, (c) any Causes of Action determined to have any value have been resolved, and (d) all Property of the Debtor has been reduced to cash or abandoned, the Debtor shall effect a final Distribution of all cash remaining (after reserving sufficient cash to pay all unpaid expenses of administration of the Plan and all expenses reasonably expected to be incurred in |

| Class | Impairment | Treatment |
|---|---|---|
| | | connection with the final Distribution) to holders of Allowed Claims in accordance herein. |
| <u>Class 5</u> <u>Interests in the Debtor</u> | Impaired | This Class will not receive any distribution. Upon the entry of a Final Decree, the Interests in the Debtor will be terminated. |

### ARTICLE VI
### PAYMENT OF ALLOWED CLAIMS

6.01 <u>Distribution on Allowed Claims</u>. Distributions hereunder will be made only on Allowed Claims, without interest, and unless otherwise ordered by the Court, only after all objections to Claims have been resolved. If an objection to a Claim or portion thereof is filed as set forth in this Plan, no payment or Distribution provided under this Plan shall be made on account of such Claim or portion thereof unless and until such Disputed Claim becomes an Allowed Claim. The Debtor is not aware of any Disputed Claims and expects to be able to make the Pro Rata Distribution required under this Plan within a reasonable time after the Effective Date of the Plan.

6.02 <u>Liquidating Expenses</u>. Liquidating Expenses of the Liquidating Committee must be approved prior to payment by the Debtor, and Liquidating Expenses of the Debtor must be approved by the Liquidating Committee prior to payment by the Debtor. The Debtor shall reserve a reasonable amount from the estate for the payment of Liquidating Expenses anticipated to be incurred in order to make the Distribution and obtain a Final Decree and close the estate. Any dispute regarding the Liquidating Expenses of either party shall be resolved by the Court, after notice and opportunity to object is provided to the other party.

6.03 <u>Settlement of Disputed Claims</u>. The Debtor will have the power and authority to settle and compromise a Disputed Claim applicable to the Debtor the express approval of the Liquidating Committee or with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure and notice to the Master Service List. The Liquidating Committee shall also have the right to object to any claims against the Debtor, including administrative expense claims.

6.04 <u>Adjustment to Claims Without Objection.</u> After the Effective Date of the Plan, any Claim or Interest that has been paid or satisfied, or any Claim or Interest that has been amended or superseded, cancelled or otherwise expunged (including pursuant to this Plan), may be adjusted or deemed expunged by the Debtor without a Claim objection having to be filed and without any further notice to or action, order or approval of the Court.

Additionally, except as provided herein or otherwise agreed, any and all proofs of claim filed after the bar date shall be deemed disallowed and expunged as of the Effective Date of the Plan without any further notice to or action, order or approval of the Court, and holders of

such Claims may not receive any Distributions on account of such Claims, unless on or before the Confirmation Hearing such late Claim has been deemed timely filed by a final order.

6.05 <u>Amendments to Claims.</u> On or after Confirmation, a Claim may not be filed or amended without the prior authorization of the Court or the Debtor  Absent such authorization, any new or amended Claim filed shall be deemed disallowed in full and expunged without any further action.

6.06 <u>Disallowance of Claims.</u> Except as otherwise provided herein, any Claims held by entities from which property is recoverable under §§ 542, 543, 550 or 553 of the Bankruptcy Code or that is a transferee of a transfer avoidable under §§ 522(f), 522(h), 544, 545, 547, 548, 549 or 724(a) of the Code, shall be deemed disallowed pursuant to § 502(d) of the Code, and holders of such Claims may not receive any Distributions on account of such Claims until such time as such Causes of Action against that entity have been settled or a Court order with respect thereto has been entered and all sums due, if any, to the Debtor by that entity have been turned over or paid to the Debtor. Unless approved by the Liquidating Committee, no Claims shall be disallowed pursuant to this Section 6.06 of the Plan.

6.07 <u>Distributions After Allowance.</u> To the extent that a Disputed Claim ultimately becomes an Allowed Claim, Distributions shall be made to the holder of such Allowed Claim in accordance with the provisions of this Plan.

6.08 <u>Delivery of Plan Distributions</u>. All Distributions under the Plan on account of any Allowed Claims shall be made at the address of the holder of such Allowed Claim as set forth in the Debtor's records as of the Effective Date of the Plan, including without limitations the Schedules, unless said holder shall have filed a proof of claim, in which case the address set forth in the proof of claim shall control. The foregoing notwithstanding, the Debtor shall honor any holder's written change of address if received at least fourteen (14) days prior to a given distribution date. In the event that any Distribution to any holder is returned as undeliverable, the Debtor shall use reasonable efforts to determine the current address of such holder, but no Distribution to such holder shall be made unless and until the Debtor has determined the then-current address of such holder, at which time such Distribution shall be made to such holder without interest; provided, however, that any undeliverable or unclaimed Distribution that remains unclaimed after one hundred eighty (180) days following such Distribution shall be reallocated by the Debtor for re-distribution for the benefit of all other holders of Allowed Claims in accordance with the Plan.

6.09 <u>Voiding of Liens</u>. Except as otherwise provided under the Plan, pursuant to § 506(d), Confirmation will void all liens in Property in excess of a Secured Claim.

6.10 <u>Exemption from Certain Taxes and Fees.</u> Pursuant to § 1146(a) of the Code, any transfers of property pursuant hereto shall not be subject to any stamp tax or other similar tax or governmental assessment in the United States, and the Confirmation Order shall direct and be deemed to direct the appropriate state or local governmental officials or agents to forgo the collection of any such tax or governmental assessment and to accept for filing and recordation instruments or other documents pursuant to such transfers of property without the payment of any such tax or governmental assessment. Such exemption specifically applies, without limitation, to (1) the creation of any mortgage, deed of trust, lien or other security

interest; (2) the making or assignment of any lease or sublease; (3) any restructuring transaction authorized by this Plan; or (4) the making or delivery of any deed or other instrument of transfer under, in furtherance of or in connection with this Plan, including: (a) any merger agreements; (b) agreements of consolidation, restructuring, disposition, liquidation or dissolution; (c) deeds; (d) bills of sale; or (e) assignments executed in connection with any transaction occurring under this Plan.

      6.11      Indefeasibility of Distributions.  All Distributions provided for under the Plan shall be indefeasible.

### ARTICLE VII
### PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

      7.01      Assumed Executory Contracts and Unexpired Leases.  Unless otherwise subject to a motion to assume filed prior to the Effective Date of the Plan or court order assuming a contract or lease which has been entered prior to the Effective Date of the Plan, all existing executory contracts and/or unexpired leases executed by that Debtor shall be deemed rejected as of the date of the Closing of the Sale of Debtor's assets.

### ARTICLE VIII
### MEANS FOR IMPLEMENTATION OF THE PLAN

      8.01      Continuation of Debtor's Operations. The Debtor will take possession of its Property pursuant to §1108 and will continue in existence without change to its corporate structure and management.

      8.02      Management of the Debtor.  The Debtor will continued to be managed by Vanguard Healthcare Services, LLC with financial and employee benefit services provided by Vanguard Financial Services, LLC and Vanguard Healthcare Employee Benefits Plan, LLC. William D. Orand will continue to be the Chief Executive Officer of Vanguard Healthcare, LLC and John T. Fick will continue to be the Chief Financial Officer.  Subject to the terms of this Plan, the officers of Vanguard Healthcare will continue to manage the remaining proceeds derived from the sale of the Debtor and will make all Distributions until all such proceeds have been distributed pursuant to this Plan.  Any expenses, including attorney fees, incurred by the Debtor will be submitted to the Liquidating Committee for payment approval and subject to approval by the Court if the Liquidating Committee does not approve payment after two weeks of receipt of the itemized statement.  Any such expenses will be payable as Liquidating Expenses, provided the funding of such expenses will be restricted to the available funds after the Sale.

      8.03      Unsecured Creditors' Committee.  Upon Confirmation, the Committee will terminate and an ad hoc committee will be appointed consisting of certain Creditors of the Debtor (the "Liquidating Committee") with such membership that the Committee, the Debtor and the U.S. Trustee may agree.  Any expenses, including attorney fees, incurred by the

Liquidating Committee will be submitted to the management of the Debtor for payment and subject to approval by the Court if the Debtor does not approve payment after two weeks of receipt of the itemized statement. Any such expenses will be payable as Liquidating Expenses, provided the funding of such expenses will be restricted to the available funds after the Sale.

8.04     Direction to Parties.  From and after the Effective Date of the Plan, the Debtor may apply to the Court for an order directing any necessary party to execute or deliver or to join in the execution or delivery of any instrument required to effect a transfer of property contemplated by or necessary to effectuate this Plan, and to perform any other act, including the satisfaction of any lien, that is necessary for the consummation of this Plan, pursuant to § 1142(b) of the Code.  The Debtor may recover its expenses, including reasonable attorney fees, incurred in resolving any disputes incurred in this regard.

8.05     Notice.  Unless otherwise directed by any party in writing, notice shall be sufficient on the date of delivery by email or place of business as follows:

> Vanguard Heatlthcare
> Attn: William D. Orand
> 9020 Overlook Blvd., Suite 202
> Brentwood, TN  37027
> borand@vanguardhc.com

> With a copy to:

> William L. Norton III
> Bradley
> 1600 Division St., Suite 700
> Nashville, TN  37203
> bnorton@bradley.com

> Paul G. Jennings
> Glenn B. Rose
> Bass Berry & Sims
> 150 Third Ave. South, Suite 2800
> Nashville, TN  37201
> grose@bassberry.com

# ARTICLE IX
# EXCULPATION AND INJUNCTION PROVISIONS

**9.01     Exculpation.  Except as otherwise specifically provided in this Plan, the Debtors and their officers, members, employees, professionals and directors, and Committee members and professionals employed by the Debtors or Committee are hereby released and exculpated from any claim or liability for any claim related to any act or omission derived from, based upon, related to or arising from the Debtors' in or out-of-court restructuring efforts, the Cases, the liquidation of assets, formulation, preparation, dissemination, negotiation, filing, confirmation, approval, implementation or**

administration of the Plan, the Disclosure Statement, the property to be distributed under this Plan, or any contract, instrument, release or other agreement or document created or entered into in connection with the Plan, except for gross negligence or willful misconduct. The Debtors (and respective affiliates, agents, directors, officers, employees, advisors and attorneys) have participated in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation and Distributions pursuant to this Plan and, therefore, are not, and on account of such Distributions shall not be, liable at any time for the violation of any applicable law, rule or regulation governing the solicitation of acceptances or rejections of this Plan or such Distributions made pursuant to this Plan.

9.02 **Term of Injunctions or Stays.** Unless otherwise provided in this Plan or in the Confirmation Order or other order of the Court, all injunctions or stays in effect in the Case pursuant to §§ 105 or 362 of the Code or any order of the Court in effect on Confirmation, shall remain in full force and effect until a final decree is entered and the Case is closed.

## ARTICLE X
## GENERAL PROVISIONS

10.01 Withdrawal of Plan. At the option of the Debtor, this Plan may be withdrawn at any time prior to Confirmation. Such option shall be exercised by filing with the Court a notice of withdrawal and mailing a copy of such notice to all creditors, equity security holders and persons specially requesting all notices in this Case.

10.02 Collection of Receivables. The Debtor shall retain and have the right to pursue any Cause of Action to collect any receivables or other sums of money due to it related to the operation of its business. Neither the Debtor nor any other party shall have the right to pursue any avoidance actions under Chapter 5 of the Bankruptcy Code.

10.03 Exemptions from Transfer Tax. The issuance, transfer or exchange of a security or the recording of any instrument evidencing the transfer of assets contemplated under the Plan, including the post-Confirmation sale of any Property, shall not be taxed under any law imposing a stamp tax or similar tax pursuant to § 1146(c) of the Code.

10.04 Modification of the Plan. The Debtor may propose amendments or modifications of this Plan at any time prior to Confirmation with leave of the Court. After Confirmation, the Debtor, with approval of the Court, and so long as it does not materially or adversely affect the interests of creditors, may remedy any defect or omission, or reconcile any inconsistencies in the Plan or in the order of confirmation in such a manner as may be necessary to carry out the purposes and effect of this Plan. The foregoing provisions of this paragraph do not limit the ability of any party to modify the Plan under § 1127 and applicable rules.

10.05 Closing of Case. Following the final Distribution pursuant to this Plan, this Chapter 11 estate will be deemed to be fully administered and the Debtor may close the Case upon the filing of a final accounting and a motion for a final decree as required under Bankruptcy Rule 3022.

10.06  Continuing Jurisdiction of the Court.  Notwithstanding the entry of a final decree, the Court shall retain jurisdiction to the extent allowed by law, which shall include jurisdiction over the following matters:

(a) Resolve any cases, controversies, suits, disputes or Causes of Action with respect to the releases, injunctions and other provisions contained in the Plan, and enter such orders as may be necessary or appropriate to implement such releases, injunctions and other provisions;

(b) Enter and enforce any order for the sale of property pursuant to §§ 363, 1123 or 1146(a) of the Code;

(c) Hear and determine matters concerning state, local and federal taxes in accordance with §§ 346, 505 and 1146 of the Code;

(d) Hear and determine all disputes involving the existence, nature, scope or enforcement of any exculpations, discharges, injunctions and releases granted in connection with and under this Plan;

(e) The correction of any defect, the curing of any omission, or the reconciliation of any inconsistency in this Plan or the Confirmation Order as may be necessary to carry out the purposes and intent of this Plan.

(f) To enforce and interpret the terms and conditions of this Plan, including a determination of value of Property as required under the Plan.

(g) Entry of any order, including injunctions, necessary to enforce the title, rights and powers of the Debtor and to impose such limitations and terms of such title, rights and powers as the Court may deem necessary.

(h) Determination of any claims, including Causes of Action, asserted by the Debtor against any other person or entity, including but not limited to any right of the Debtor to recover assets pursuant to the provisions of Title 11 which are retained pursuant to 9.02 herein.

(i) Entry of a final decree closing the Case.

10.07  Severability.  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

10.08  Binding Effect.  The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

10.09  Captions.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

10.10    Controlling Effect.  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Tennessee govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

Dated: February 27, 2019.

Respectfully submitted,

**Vanguard of Memphis, LLC**

**By:** */s/ William D. Orand*
     CEO

*/s/ William L. Norton III*
William L. Norton III
BRADLEY
1600 Division St., Suite 700
Nashville, TN  37203
Fax: 615-252-2397
bnorton@bradley.com
*Attorneys for Debtors*